[No. 16546.   Department Two.   December 2, 1921.]

PERCY PARKS *et al.*, *Respondents*, v. SAMUEL NEWCOMER *et al.*, *Appellants.*[1]

BOUNDARIES (13)—LOCATION OF LINE—EVIDENCE — SUFFICIENCY. In an action to establish a boundary line between city lots, evidence that a line across the street had been established with reference to the disputed line while the latter was marked by a fence, though admissible, was not conclusive upon the question of the true line.

SAME (12)—EVIDENCE—ADMISSIBILITY. In fixing the boundary between two city lots under a plat made more than thirty years prior to the action, the corner stakes of which were lost, the court may properly take into consideration the question whether there is enough ground left in the block to fill out the full quota of lots, under the assumption that when the block was platted sufficient ground existed for each lot as platted.

Appeal from a judgment of the superior court for King county, Hall, J., entered February 24, 1920, upon findings in favor of the plaintiffs, in an action to establish a boundary line, tried to the court. Affirmed.

*Geo. McKay*, for appellants.

*Carroll Hendron*, for respondents.

HOVEY, J.—The respondents sued the appellants to establish a lost boundary line between the city lots owned by the respective parties.

Appellants first contend that the complaint is demurrable because it seems to embrace an action for the recovery of the possession of the property, and objection is further made to certain evidence because it is claimed it was not limited to that form of action.

As we view the proceeding, it was brought and tried under the provisions of § 947 *et seq.*, Rem. Code (P. C. § 7412). The court first heard evidence and concluded therefrom that the east end of the disputed line was

[1]Reported in 202 Pac. 244.

established, and appointed a civil engineer as commissioner to establish the whole line. This the commissioner did with reference to the lines of certain streets, and the court entered judgment establishing the line as reported. Appellants offered evidence to the effect that a line across the street had been established with reference to the line in dispute while the latter line was marked by a fence, and complain that the court did not accept this evidence as overturning the other evidence in the case. While this evidence was admissible, we do not consider it conclusive. Evidence was introduced showing that the appellants were securing under the line as contended for by respondents the entire amount of ground which they claimed to own and upon which they paid local assessment charges, and the south boundary line of appellants' land was also inquired into in this connection, and appellants object that this evidence should not be considered. This land was platted in the year 1888 and it is quite natural that most of the corner stakes would be lost, and we think it would be proper for the court in fixing the boundary between two lots to take into consideration the question whether there is enough ground left in the block to fill out the full quota of lots, as it is fair to assume that, when the block was platted, sufficient ground existed for each lot as platted.

We are satisfied that the testimony supports the judgment of the trial court and it is affirmed.

The respondents will recover their costs.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.